IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN TON and CYNTHIA TRAN, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 08 C 3192 |
| | ) | |
| CITY OF BURBANK, DET. COAKLEY | ) | Judge Zagel |
| (FNU), and UNNAMED BURBANK POLICE | ) | |
| OFFICERS, | ) | Magistrate Judge Mason |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**

NOW COME the Defendants, CITY OF BURBANK ("Burbank"), DETECTIVE THOMAS J. COAKLEY ("Coakley") and UNNAMED BURBANK POLICE OFFICERS, by and through their attorneys, Louis F. Cainkar, Ltd., and for their partial motion to dismiss the plaintiffs' complaint ("Complaint"), state as follows:

1.      On June 3, 2008, Kevin Ton and Cynthia Tran ("Plaintiffs"), filed their Complaint against the Defendants alleging violations of their civil rights pursuant to 42 U.S.C. §1983. (Complaint).  The Plaintiffs' §1983 claims, which are premised upon violations of their Fourth Amendment right to be free from unreasonable searches and seizures, are directed towards individual officers.  Supplementing their Fourth Amendment allegations, Plaintiffs also purport to allege an "Unlawful Search" claim under Article I, §6 of the Illinois Constitution.  Lastly, Plaintiffs bring a claim against Burbank based upon a theory of *respondeat superior*.  Plaintiffs' §1983 claims against the individual Burbank officers are not at issue and will not be addressed in this motion.  However, Defendants move to dismiss Count II as there is no private right of action for damages under Article I, §6 of the Illinois Constitution.  Further, the City moves to dismiss Count IV because Burbank cannot be held liable under a theory of *respondeat superior* for the constitutional violations of its employees.

2.     A motion to dismiss should be granted when no set of facts consistent with the allegations in the complaint entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45 & 46 (1957). For purposes of a motion to dismiss, the court accepts all well-pled averments in the complaint as true and draws all reasonable inferences in favor of the non-movant. *Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir. 1993). Nevertheless, a plaintiff must allege sufficient facts to outline the elements of his cause of action. *Ellsworth v. City of Racine*, 7074 F.2d 182, 184 (7th Cir. 1985). Moreover, legal conclusions, unsupported by factual allegations, are not binding on the court. *Reichenberger v. Pritchard*, 660 F.2d 280, 282 (7th Cir. 1981).

3.     The Defendants move to dismiss Count II of the Complaint because the provisions of Article I, §6 of the Illinois Constitution provide no private right of action for damages. It is axiomatic that a federal court is bound to follow the precedent established by Illinois Supreme Court when examining a state law claim. *Shields Enter., Inc. v. First Chicago Corp.,* 975 F.2d 1290, 1297 (7th Cir. 1992). Where there is no law for the district court to follow, the district judge must attempt to predict how the Illinois Supreme Court would decide the matter. *See Allen v. Transamerica Ins. Co.,* 128 F.3d 462, 466 (7th Cir. 1997). To that end, Illinois Appellate Court opinions may not necessarily be controlling precedent for predicting how the Illinois Supreme Court would rule on the issue presented. *See Shields,* 975 F.2d at 1297.

While the Illinois Supreme Court has never addressed whether a private right of action exists under Article I, Section 6 of the Illinois Constitution, the courts of the Northern District of Illinois have considered the issue and have consistently denied a plaintiff the right to bring a private action for damages. Article I, Section 6 of the Illinois Constitution provides:

> The People shall have the right to be secure in their persons, houses, papers and other possessions against unreasonable searches, seizures, invasions of privacy or interceptions of communications by eavesdropping devices or other means. No warrant shall issue without probable case, supported by an affidavit particularly describing the place to be searched and the persons or things to be seized. Illinois Const. Art. I, §6 (1970).

Under Illinois law, courts should look to the plain language of a constitutional provision in order to determine the intent of the drafters. *Cincinnati Insurance Company v. Chapman*, 181 Ill.2d 65, 77 691 N.E.2d 374, 380 (1998). Conspicuously absent from the plain language of Article I, Section 6 of the Illinois Constitution is a self-executing provision expressly providing for a private right of action. *Compare* Illinois Const. Art. I, §6 (1970) *with* Illinois Const. Art. I, §17 (1970). This alone has been enough to proscribe a private right of action under the Illinois Constitution. *Teverbaugh v. Moore*, 311 Ill.App.3d 1, 5, 724 N.E.2d 225, 229 (2000) ("[t]he comparative texts of article I, section 17 and article I, section 18, evidence that where the drafters intended to provide a right of action for damages for discrimination, they purposely included language to effect such a result in the absence of implementing legislation.").

Notwithstanding, other plaintiffs have attempted to invoke the broad language of Article I, Section 12 of the Illinois Constitution as *imprimatur* for a private right of action under §6. Illinois Const. Art. I, §12 (1970). While the Defendants question the propriety of such attempts[1], Plaintiffs' ability to bring a claim for trespass and for a violation of their civil rights under §1983 foreclose any right of action that would (possibly) exist under Article I, Section 6 of the Illinois Constitution by and through Article I, Section12 of the Illinois Constitution.

> In *Ingram v. Jones*, defendant moved to dismiss plaintiff's false arrest and excessive force claims brought under Article I, Section 6 of the Illinois Constitution. Initially, the *Ingram* court noted that unlike other sections of the Illinois Constitution, Article I, Section 6 does not contain a self-executing provision expressly providing a right of action. However, the court went on to consider whether Article I, Section 12 of the Illinois Constitution—entitled "Right to Remedy and Justice"—conferred a private right of action for Article I, Section 6 violations.
>
> …
>
> The *Ingram* court observed that while Section 12 appears to contain "enabling language," Illinois Courts have not interpreted this provision as providing a private right of action for all violations of the Illinois Constitution. In fact, one Illinois court explained that '[s]o long as some remedy for the alleged wrong exists section 12 does not mandate recognition of any new remedy.' Relying on this analysis, the *Ingram* court concluded

---

[1] If this was truly the case, the self-executing clause contained in Art. I, Section 18 of the Illinois Constitution would be rendered superfluous by the broad language of Art. I Section 12. Moreover, the Illinois Supreme Court has said that Article I, Section 12 of the Illinois Constitution "is merely an expression of a philosophy and not a mandate that a 'certain remedy' be provided in any specific form." *Deluna v. St. Elizabeths' Hospital*, 147 Ill.2d 57, 72, 588 N.E.2d 1139, 1146 (1992), *quoting Sullivan v. Midlothian Park District*, 51 Ill.2d 274, 277, 281 N.E.2d 659, 662 (1972).

> that Illinois courts would not recognize a private cause of action under Article I, Section 6 of the Illinois Constitution where a Plaintiff already has an available remedy under Illinois common law—for false arrest and excessive force. [Internal citations omitted]. *Richard v. Lukensmeyer,* 1999 WL 261835, *3 (N.D.Ill. 1999).

The court, in *Lukensmeyer,* went on to hold that the plaintiff's ability to bring a private cause of action under 42 U.S.C. §1983 precluded a private cause of action under Article I, Section 6 of the Illinois Constitution as shoe-horned through Article I, Section 12 of the Illinois Constitution. *Lukensmeyer*, 1999 WL at *3 & *4.

In the instant matter, Plaintiffs purport to allege a cause of action under Article I, Section 6 of the Illinois Constitution for the "unlawful search" of their residence. (Complaint, Count II). However, as manifested in their complaint, Plaintiffs have a remedy available to them under 42 U.S.C. §1983. Furthermore, Plaintiffs have a state common law cause of action against the individual officers for their unlawful search; one sounding in trespass. Consequently, Plaintiffs have a remedy and may not maintain a direct cause of action under Article I, Section 6 of the Illinois Constitution. *Lukensmeyer*, 1999 WL at *3 & *4; *Ingram v. Jones*, 1995 WL 745849, *3 & *4 (N.D.Ill. 1995); *Amati v. City of Woodstock*, 829 F.Supp. 998, 1005-1007 (N.D.Ill. 1992). For the aforementioned reasons, Defendants respectfully request that Count II of the Plaintiffs' Complaint be dismissed for a failure to state of claim.

4.    In Count IV of the Complaint, Plaintiffs bring a cause of action against Burbank based upon *respondeat superior* liability. However, Plaintiffs have not alleged any state law tort claims and there is no *respondeat superior* liability under §1983. *Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Therefore, Defendants respectfully request that Count IV of the Complaint be dismissed for its failure to state a claim.

WHEREFORE, Defendants respectfully request that Counts II and IV of the Complaint be dismissed because they fail to state a claim upon which relief may be granted.

S/   Joseph Cainkar

JOSEPH CAINKAR - 06281109
LOUIS F. CAINKAR, LTD.
30 North LaSalle Street - #3922
Chicago, Illinois 60602-3333
(312) 236-3985

## CERTIFICATE OF SERVICE

    I, the undersigned, an attorney, on oath state:  I served a copy of the Notice of Motion by e-mailing a copy to the CMT System for the Northern District of Illinois on June 19, 2008.

                            S/  Joseph Cainkar