IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| KEVIN TON and CYNTHIA TRAN, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 08 C 3192 |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF BURBANK, DET. COAKLEY (FNU), and UNNAMED BURBANK POLICE OFFICERS, | ) ) | Judge Zagel |
| | ) | |
| Defendants. | ) | Jury Demand |

## STIPULATED PROTECTIVE ORDER

To facilitate the production and receipt of information in this action, the parties stipulate and agree, through their respective counsel, to the entry of the following Order pursuant to Federal Rule of Civil Procedure 26(c), for the protection of confidential and sensitive information that may be produced or otherwise disclosed during the course of this action by any party or non-party in this action:

1.  This Order governs all discovery related to the production, exchange, or dissemination of Confidential information within the meaning of Federal Rule of Civil Procedure 26(c)(7) in this case.

2.  "Confidential" information under the terms of this Protective Order shall include information pertaining to private financial data, personal addresses, personal telephone numbers, social security numbers, driver's license numbers of any Plaintiff, Defendant, witness or other non-party, credit card numbers of any person, telephone records, tax records, , and documents and things produced during the course of discovery deemed by the party or non-party producing or disclosing the documents and things ("the Producing Party") to contain confidential

information, within the meaning of Federal Rule of Civil Procedure 26(c)(7), which are designated as confidential by the Producing Party by marking the document or thing with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as the Producing Party deems appropriate pursuant to the terms of this Order.

2. Materials designated "CONFIDENTIAL", copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a) the Court, its officers, and any jury seated to hear this case;

(b) the attorneys of record in this case, employees of the attorneys of record engaged in this action, and outside litigation support providers retained by the attorneys of record, such as computer evidence service providers, graphics services, trial technology companies, photographers, videographers, and similar support providers, all of whom shall use such information solely for purposes of this litigation, provided that each outside litigation support provider signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any CONFIDENTIAL information, documents or things;

(c) third party experts or independent consultants engaged by the attorneys of record in this case or by the parties to assist in this litigation ("Experts"), who shall use such information solely for purposes of this litigation, provided that each Expert signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any CONFIDENTIAL information, documents or things;

(d) the parties, who shall use such information solely for purposes of this litigation; and

(e) witnesses or deponents whose testimony is reasonably related to the confidential information sought to be disclosed to him or her, provided that each such person

signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any CONFIDENTIAL information, documents or things;.

3. Materials designated "ATTORNEY'S EYES ONLY", copies thereof, and any confidential information contained therein shall not be disclosed to any person except:

(a) the Court, its officers, and any jury seated to hear this case;

(b) the attorneys of record in this case, and employees of the attorneys of record engaged in this action, who shall use such information solely for purposes of this litigation, provided that the employee signs a confidentiality agreement in the form attached hereto as Exhibit "A" prior to receiving any ATTORNEYS EYES ONLY information, documents or things; and

(c) Experts, who shall use such information solely for purposes of this litigation, provided that the Disclosing Party and the Expert comply with all requirements of Paragraph 2(c) above.

4. Under no circumstances shall the attorney of record receiving information designated as "ATTORNEYS EYES ONLY" disclose such information to his or her client(s) or allow his or her client(s) access to such information.

5. With regard to marking documents and things with the appropriate confidentiality classification, each page of the document that contains confidential information shall be so marked in a prominent location and, in the case of a thing, the legend shall be securely affixed to the thing in a prominent location.

6. Any written discovery response containing confidential information shall be marked with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as appropriate, and shall be bound separately from responses not containing confidential information.

7. In the event a question is asked at a deposition which calls for the disclosure of confidential information, counsel for the party claiming confidentiality may designate the question and answer thereto as confidential by making, at the deposition, a statement on the record so designating such portions and by directing the reporter to bind such confidential portions of the transcript in a separate binder or on separate transcript pages prominently marked with the legend "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," as appropriate. The Producing Party may exclude from the deposition any individual not entitled to access to the Producing Party's CONFIDENTIAL or ATTORNEY'S EYES ONLY information during portions of any deposition during which such information will be disclosed.

8. Counsel for the receiving party shall maintain the original of each confidentiality agreement signed pursuant to this Order.

9. The parties shall make every reasonable effort to act in good faith to limit and curtail the volume of information, documents, things, testimony or other materials designated by them as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" under this Order; shall use their best efforts to act in good faith to separate out and segregate documents, things and other materials containing confidential information from those that do not contain confidential information; shall use their best efforts to act in good faith to limit the number of persons to whom confidential information is to be disclosed; and shall confer with each other in good faith for the purpose of attempting to limit and curtail the volume of information and materials to be so designated.

10. Nothing in this Order shall be taken as or constitute an indication or acknowledgment by the receiving party that any information, documents, testimony or things are in fact confidential or are entitled to confidential treatment. To the extent the receiving party

disagrees with the designation of any information, documents, testimony or things as CONFIDENTIAL or ATTORNEY'S EYES ONLY, the party shall confer in good faith with the Producing Party in an effort to resolve the disagreement. If the parties are unable to resolve the disagreement following such good faith conference, the receiving party may seek an order from the Court at any time thereafter striking the designation at issue and determining that the information, documents, testimony or things are not entitled to the protection under this Order. In any such motion or challenge, the Producing Party shall bear the burden of demonstrating that such information, documents, testimony or things are meet the standards of Federal Rule of Civil Procedure 26(c)(7) and are entitled to protection under this Order. Information and materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" shall, however, remain subject to the provisions of this Order unless and until the Court determines that such materials are not entitled to such protection.

11. All discovery materials designated as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY" that are filed with the Court, and all pleadings, motions or other papers filed with the Court that contain or disclose confidential information, shall be filed in sealed envelopes bearing an appropriate legend identifying the enclosed materials and indicating their confidential nature under the terms of this Stipulated Protective Order, and shall be kept under seal until further Order of the Court; provided, however, that such information shall be available to the Court and to persons listed in paragraphs 2 or 3 above, as appropriate given the nature of the confidentiality legend affixed to the information. Notwithstanding the foregoing, if a party wishes to use or reference during any hearing or at trial any material designated by the Producing Party as "CONFIDENTIAL" or "ATTORNEY'S EYES ONLY," the party shall disclose the

information only in closed court, absent subsequent agreement of the parties or order of this Court.

12. Upon final termination of this litigation not subject to further appeal, each party and non-party may request the return to it of all documents or other confidential materials previously furnished to any other party hereunder, including any copies thereof, and each person or party to whom such documents or other confidential materials have been furnished or produced shall be obligated to return the same, including any copies, excerpts or notations thereof, or to dispose of the same and of any other materials containing confidential information in a manner agreeable to all parties. Within sixty (60) days of final termination of this litigation, counsel for all parties shall certify in writing either that: (a) all confidential materials have been returned to the Producing Party as requested; or (b) that they have been destroyed; provided, however, that outside counsel for the parties may retain confidential pleadings, court papers, and written discovery for their files.

13. This Order shall remain in force and effect until modified, superseded or terminated by further order of the Court or by agreement of the parties, and shall survive the termination of this action. The entry of this Order shall be without prejudice to the rights of either party to apply for additional or different protection where it is deemed necessary, or to seek to compel the production or disclosure of additional or different information, or the rights of the parties to agree between themselves, subject to the Court's approval, if necessary, as to any specific additional or different protection or provisions for treatment of any specific information, documents, testimony or things.

14.     Nothing in this Order shall prevent a party from disclosing or using any information that is pubic knowledge, including, but not limited to, any information lawfully acquired from a third party under no obligation to maintain the confidentiality of the information, information independently developed by the Disclosing Party, and information known to the Disclosing Party prior to entry of this Order.

15.     In addition to the foregoing, counsel for the City of Burbank shall be allowed to redact the personal information of individual police officers such as their home addresses and phone numbers, whether a document containing such information is produced as confidential or not.

SO ORDERED, this _____ day of _____, 2008.

_____
JAMES ZAGEL
UNITED STATES DISTRICT JUDGE

STIPULATED AND AGREED TO BY:

Dated: September 8, 2008            By: /s/ Kurt Feuer
                                    Kurt H. Feuer
                                    Attorney at Law
                                    312 North May Street
                                    Suite 100
                                    Chicago, Illinois 60607
                                    Phone: (312) 243-5900
                                    Fax: (312) 243-5902

                                    Attorney for Plaintiffs

Dated: September 8, 2008                By:___[s] Joseph Cainkar_____
                                                                 Joseph Cainkar
                                                                 Law Offices of Louis F. Cainkar
                                                                 30 N. LaSalle St., Suite 3922
                                                                 Chicago, Illinois 60602
                                                                 Phone: (312) 236-3985
                                                                 Fax: (312) 236-3989

                                                                 Attorneys for Defendants

## EXHIBIT "A"

## DECLARATION AND AGREEMENT

I, _____, declare under penalty of perjury pursuant to the laws of the United States of America as follows:

1. I am employed by _____ in the capacity of _____.

2. I have read the Stipulated Protective Order Regarding Confidentiality (the "Order") entered in the case *Ton, et al. v. Village of Burbank, et al.*, Case No. 08 C 3192 (N.D. Ill.).

3. I agree to be bound by the Order, and I agree not to disclose information protected by the Order to any person not authorized to receive it.

4. I consent to the jurisdiction of the United States District Court for the Northern District of Illinois for enforcement of the Order and this Declaration and waive any and all objections to jurisdiction and venue.

5. I understand that I may be subject to contempt or other sanctions for the failure to obey the Order.

Date: _____    By: _____